IN UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| JACOB ROGERS, SARAH ROGERS, TROY ROGERS, AND, HEIDI ROGERS, INDIVIDUALLY, AS REPRESENTATIVE OF THE ESTATE OF THOMAS ROGERS, AND A/N/F OF J.R.R., A MINOR<br><br>*Plaintiffs*,<br><br>VS.<br><br>BLANE TRESEDDER, SWAGGIN WAGON, INC. AND STARR OILFIELD SERVICES, LLC,<br><br>*Defendants*. | § § § § § § § § § § § § § § § § | Cause No. 7:21-cv-151 |

## PLAINTIFFS' ORIGINAL COMPLAINT

1. Plaintiff Heidi Rogers, Individually, was the lawfully wedded wife of Thomas Rogers, and is and was a citizen and resident of Texas.

2. Plaintiff J.R.R., a minor, is the natural born child of Thomas Rogers and Heidi Rogers, and is and was a citizen and resident of Texas.

3. Plaintiff Heidi Rogers, as representative of the estate of Thomas Rogers, is and was a citizen and resident of Texas.

4. Plaintiff Jacob Rogers is the natural born adult child of Thomas Rogers and is and was a citizen and resident of Washington.

5. Plaintiff Troy Rogers is the natural born adult child of Thomas Rogers and is and was a citizen and resident of Washington.

6. Plaintiff Sarah Rogers is the natural born adult child of Thomas Rogers and is and was a citizen and resident of Washington.

7. Defendant Blane Tresedder is and was a resident of the State of Oklahoma at all times relevant to this action. Defendant Tresedder may be served with process through the Texas Secretary of State who may then serve Tresedder at his residence located at 8133 E 19th Street, Apartment 235, Tulsa, OK 74112, or wherever he may be found.

8. Defendant Swaggin Wagon, Inc. ("Swaggin Wagon") is and was an Oklahoma corporation operating a business for profit headquartered in Tulsa, OK, both before and after the incident made the basis of this lawsuit. Defendant Swaggin Wagon may be served with process through the Texas Secretary of State who may then serve the registered agent for Swaggin Wagon, Brad Parson, 12401 E Admiral Place, Tulsa, OK 74114, or wherever it may be found.

9. Defendant Starr Oilfield Services, LLC ("Starr") is and was a Oklahoma limited liability company operating a business for profit in Tulsa, OK, both before and after the incident made the basis of this lawsuit. Defendant Starr may be served with process through the Texas Secretary of State who may then serve the registered agent for Swaggin Wagon, Riley Kern, 7813 S. Harvard Ave., Tulsa, OK, 74136, or wherever it may be found.

10. This Court has subject matter jurisdiction because Plaintiffs seek damages in excess of the Court's minimum jurisdictional limits.

11. There is diversity of citizenship amongst the parties.

# I.
## FACTUAL BACKGROUND

12. On May 16, 2021, Thomas Rogers was traveling northbound on Highway 349 in Dawson County, Texas, with his headlights on.

13. At the same time, Defendant Tresedder was operating a commercial vehicle, owned and controlled by Defendants Swaggin Wagon and Starr, at the intersection of FM 2052 and SH 349.

14. At all times relevant to this action, Defendant Tresedder was: acting as an employee of; working within the course and scope of his duties for; performing services in furtherance of the business interests of; driving in furtherance of a mission for the benefit of; and/or subject to the control as to the details of his mission by Swaggin Wagon and Starr.

15. On that date, and specifically at the time of the subject incident, Defendants Swaggin Wagon and Starr were involved in a joint enterprise.

16. At approximately 11:21 p.m., Defendant Tresedder failed to keep a proper lookout and was distracted while driving and caused a collision with Thomas Rogers' vehicle.

17. As a result of Defendant Tresedder's misconduct, Thomas Rogers was killed.

## II.
## CAUSES OF ACTION AGAINST
## DEFENDANT BLANE TRESEDDER

**A.     Negligence**

18. Defendant Tresedder committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Thomas Rogers' death and Plaintiffs' resulting damages.

19. Defendant Tresedder's negligent acts include, but are not limited to:

    a. Failure to maintain proper control of his commercial motor vehicle;

    b. Failure to keep a proper lookout while operating his commercial motor vehicle;

    c.    Failure to keep mental and physical alertness while operating his commercial motor vehicle;

    d.    Failure to control speed of his commercial motor vehicle;

    e.    Failure to properly observe traffic;

    f.    Failure to stop; and

    g.    Distracted driving.

**B.**    **Gross Negligence**

20.    During relevant times to this action, Defendant Tresedder committed acts of omission and commission, which collectively and severally constituted gross negligence, and which were the proximate causes of Thomas Rogers' death and Plaintiffs' resulting damages.

21.    The wrong done by Defendant Tresedder, even after learning of, knowing, and/or realizing the potential for serious injury and/or death, was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

22.    Defendant Tresedder's conduct, when viewed objectively from his standpoint at the time of his conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Tresedder was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

### III.
### CAUSES OF ACTION AGAINST
### DEFENDANT SWAGGIN WAGON, INC.

**A.**    **Negligence**

23.    Defendant Swaggin Wagon committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Thomas Rogers' death and Plaintiffs' resulting damages.

24. Defendant Swaggin Wagon's negligent acts include, but are not limited to:

   a. Failure to exercise due care in hiring and/or contracting with commercial motor vehicle drivers, including Defendant Tresedder;

   b. Failure to inquire and/or test, or failure to exercise due care in inquiring and/or testing, its commercial motor vehicle drivers' competence to operate a commercial motor vehicle, including Defendant Tresedder's competence, or lack thereof;

   c. Failure to train, or failure to exercise due care in training, its commercial motor vehicle drivers to operate commercial motor vehicles safely, including Defendant Tresedder's;

   d. Failure to monitor and/or supervise, or failure to exercise due care in monitoring and/or supervising, its commercial motor vehicle drivers' competence to operate a commercial motor vehicle, including Defendant Tresedder's competence, or lack thereof;

   e. Retaining Defendant Tresedder; and

   f. Entrusting a commercial motor vehicle to Defendant Tresedder.

**B.   Vicarious Liability**

25. Defendant Swaggin Wagon is liable under the doctrine of *respondeat superior* for the conduct of Defendant Tresedder, as Defendant Tresedder's negligent actions occurred while in the course and scope of his duties for Swaggin Wagon.

26. All of the acts of negligence alleged against Defendant Tresedder are expressly incorporated by reference herein and were proximate causes of Thomas Rogers' death and Plaintiffs' resulting damages.

**C.   Gross Negligence**

27. During all relevant times to this action, Defendant Swaggin Wagon, through its agent Defendant Tresedder, committed acts of omission and commission, which collectively and severally constituted gross negligence. Such gross negligence was a proximate cause of Thomas Rogers' death and Plaintiffs' resulting damages.

28. The wrong done by Defendant Swaggin Wagon even after learning of, knowing, and/or realizing the potential for serious injury and/or death, was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

29. Defendant Swaggin Wagon's conduct, when viewed objectively from their standpoint at the time of its conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Swaggin Wagon was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

30. Further, Defendant Swaggin Wagon authorized, condoned, approved, and/or ratified its agent's grossly negligent conduct that proximately caused Thomas Rogers' death and Plaintiffs' resulting damages.

31. All of the acts of negligence alleged against Defendant Tresedder are expressly incorporated by reference herein.

**D.   Negligent Undertaking**

32. Defendant Swaggin Wagon undertook to perform services for and/or in conjunction with Defendant Starr, including but not limited to, hiring, training, testing, monitoring, supervising, retaining, and dispatching drivers, and did so with specific regard to Defendant Tresedder.

33. Defendant Swaggin Wagon knew, or should have known, said services and activities were necessary to protect those sharing the roadways with its and/or Defendant Starr's drivers, yet failed to exercise reasonable and necessary care in performing said services.

34. Defendant Starr's drivers, and their employees and agents, relied upon Defendant Swaggin Wagon to perform said services with reasonable and necessary care.

35. Further, Defendant Swaggin Wagon's performance, or lack thereof, of said services increased the risk of harm to others sharing the roadways with its and/or Defendant Starr's drivers, including motorists such as Thomas Rogers, his family, and families across the State of Texas.

## IV.
## CAUSES OF ACTION AGAINST DEFENDANT STARR OILFIELD SERVICES, LLC

**A.   Negligence**

36. Defendant Starr committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Thomas Rogers' death and Plaintiffs' resulting damages.

37. Defendant Starr negligent acts include, but are not limited to:

   g.   Failure to exercise due care in hiring and/or contracting with commercial motor vehicle drivers, including Defendant Tresedder;

   h.   Failure to inquire and/or test, or failure to exercise due care in inquiring and/or testing, its commercial motor vehicle drivers' competence to operate a commercial motor vehicle, including Defendant Tresedder's competence, or lack thereof;

   i.   Failure to train, or failure to exercise due care in training, its commercial motor vehicle drivers to operate commercial motor vehicles safely, including Defendant Tresedder's;

   j.   Failure to monitor and/or supervise, or failure to exercise due care in monitoring and/or supervising, its commercial motor vehicle drivers' competence to operate a commercial motor vehicle, including Defendant Tresedder's competence, or lack thereof;

   k.   Retaining Defendant Tresedder; and

   l.   Entrusting a commercial motor vehicle to Defendant Tresedder.

### B.   Vicarious Liability

38.   Defendant Starr is liable under the doctrine of *respondeat superior* for the conduct of Defendant Tresedder, as Defendant Tresedder's negligent actions occurred while in the course and scope of his duties for Starr.

39.   All of the acts of negligence alleged against Defendant Tresedder are expressly incorporated by reference herein and were proximate causes of Thomas Rogers' death and resulting damages.

### C.   Gross Negligence

40.   During all relevant times to this action, Defendant Starr, through its agent Defendant Tresedder, committed acts of omission and commission, which collectively and severally constituted gross negligence. Such gross negligence was a proximate cause of Thomas Rogers' death and Plaintiffs' resulting damages.

41.   The wrong done by Defendant Starr even after learning of, knowing, and/or realizing the potential for serious injury and/or death, was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

42.   Defendant Starr's conduct, when viewed objectively from their standpoint at the time of its conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Starr was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

43.   Further, Defendant Starr authorized, condoned, approved, and/or ratified its agent's grossly negligent conduct that proximately caused Thomas Rogers' death and Plaintiffs' resulting damages.

44.   All of the acts of negligence alleged against Defendant Tresedder are expressly incorporated by reference herein.

**D.     Negligent Undertaking**

45.     Defendant Starr undertook to perform services for and/or in conjunction with Defendant Swaggin Wagon, including but not limited to, hiring, training, testing, monitoring, supervising, retaining, and dispatching drivers, and did so with specific regard to Defendant Tresedder.

46.     Defendant Starr knew, or should have known, said services and activities were necessary to protect those sharing the roadways with its and/or Defendant Swaggin Wagon's drivers, yet failed to exercise reasonable and necessary care in performing said services.

47.     Defendant Swaggin Wagon's drivers, and their employees and agents, relied upon Defendant Starr to perform said services with reasonable and necessary care.

48.     Further, Defendant Starr's performance, or lack thereof, of said services increased the risk of harm to others sharing the roadways with its and/or Defendant Swaggin Wagon's drivers, including motorists such as Thomas Rogers, his family, and families across the State of Texas.

## V.
## JOINT ENTERPRISE

49.     Defendants Swaggin Wagon and Starr were engaged in a "joint enterprise" as a term that is understood in Texas law, and at all times relevant to this action were involved in a mutual undertaking with a common business and/or pecuniary purpose.

50.     Thus, Defendants Swaggin Wagon and Starr were acting as an agent of the other and are liable for each other's negligence related to the subject incident.

51.     Specifically, Defendants Swaggin Wagon and Starr had:

   a.     An express or implied agreement;

   b.     A common purpose to be carried out by the enterprise;

   c. A community of pecuniary interest in that common purpose; and

   d. An equal right to direct and control aspects of the joint enterprise.

52. Some or all of the negligent acts alleged against Defendants Swaggin Wagon and Starr herein were committed while acting within the scope of the joint enterprise and were the proximate causes of Thomas Rogers' death and Plaintiffs' resulting damages.

# VI.
# DAMAGES

**A. Plaintiff Heidi Rogers, As Representative of the Estate of Thomas Rogers**

53. Plaintiff Heidi Rogers, as representative of the Estate of Thomas Rogers, seeks the following elements of damages from Defendants:

   a. Pain caused by Defendants and sustained by Thomas Rogers prior to his death;

   b. Mental anguish caused by Defendants and sustained by Thomas Rogers prior to his death;

   c. Medical expenses sustained prior to Thomas Rogers's death; and

   d. Funeral and burial expenses for Thomas Rogers.

**B. Plaintiff Heidi Rogers, Individually**

54. Plaintiff Heidi Rogers, Individually, seeks the following elements of damages from Defendants:

   a. Pecuniary loss sustained in the past;

   b. Pecuniary loss that, in reasonable probability, will be sustained in the future;

   c. Loss of companionship and society sustained in the past;

   d. Loss of companionship and society sustained in the past;

   e. Mental anguish sustained in the past;

   f.  Mental anguish that, in reasonable probability, will be sustained in the future;

   g.  loss of consortium in the past; and

   h.  loss of consortium in the future.

**C.** **Plaintiff Heidi Rogers a/n/f J.R.R., a minor**

55. Plaintiff Heidi Rogers a/n/f J.R.R., seeks the following elements of damages from Defendants:

   a.  Pecuniary loss sustained in the past;

   b.  Pecuniary loss that, in reasonable probability, will be sustained in the future;

   c.  Loss of companionship and society sustained in the past;

   d.  Loss of companionship and society sustained in the past;

   e.  Mental anguish sustained in the past;

   f.  Mental anguish that, in reasonable probability, will be sustained in the future;

   g.  loss of consortium in the past; and

   h.  loss of consortium in the future.

**D.** **Plaintiff Troy Rogers**

56. Plaintiff Troy Rogers, seeks the following elements of damages from Defendants:

   a.  Pecuniary loss sustained in the past;

   b.  Pecuniary loss that, in reasonable probability, will be sustained in the future;

   c.  Loss of companionship and society sustained in the past;

   d.  Loss of companionship and society sustained in the past;

   e.  Mental anguish sustained in the past;

   f.  Mental anguish that, in reasonable probability, will be sustained in the future;

   g.  loss of consortium in the past; and

   h.  loss of consortium in the future.

### E. Plaintiff Jacob Rogers

57. Plaintiff Jacob Rogers, seeks the following elements of damages from Defendants:

   a.  Pecuniary loss sustained in the past;

   b.  Pecuniary loss that, in reasonable probability, will be sustained in the future;

   c.  Loss of companionship and society sustained in the past;

   d.  Loss of companionship and society sustained in the past;

   e.  Mental anguish sustained in the past;

   f.  Mental anguish that, in reasonable probability, will be sustained in the future;

   g.  loss of consortium in the past; and

   h.  loss of consortium in the future.

### F. Plaintiff Sarah Rogers

58. Plaintiff Sarah Rogers, seeks the following elements of damages from Defendants:

   a.  Pecuniary loss sustained in the past;

   b.  Pecuniary loss that, in reasonable probability, will be sustained in the future;

   c.  Loss of companionship and society sustained in the past;

   d.  Loss of companionship and society sustained in the past;

   e.  Mental anguish sustained in the past;

      f.      Mental anguish that, in reasonable probability, will be sustained in the future;

      g.      loss of consortium in the past; and

      h.      loss of consortium in the future.

## G. Exemplary Damages

59. As a result of the gross negligence committed by Defendants, Plaintiffs seek exemplary damages against Defendants in an amount deemed appropriate by the jury.

## H. Interest

60. Plaintiffs seek pre-judgment and post-judgment interest at the applicable rate allowed by law.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer for their tortious conduct, that this cause be set for trial before a jury, and that Plaintiffs recover a judgment of and from Defendants in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment and post-judgment interest, court costs, and such other and further relief Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**HERRING LAW FIRM**

By: */s/ Mason W. Herring*
     **Mason W. Herring**
     State Bar No. 24071746
     2000 West Loop South, Suite 2200
     Houston, Texas 77027
     Telephone:  832.500.3170
     E-mail:      mherring@herringlawfirm.com

**ATTORNEY FOR SARAH ROGERS, JACOB ROGERS AND TROY ROGERS**

**THE BUCHANAN LAW OFFICE, P.C.**

By: </u>/s/ Byron M. Buchanan</u>
**Byron M. Buchanan**
State Bar No. 00796268
2000 West Loop South, Suite 2200
Houston, Texas 77027
Telephone:   713-936-0783
Email: Byron@thebuchananlawoffice.com

**ATTORNEY FOR HEIDI ROGERS, INDIVIDUALLY, AS REPRESENTATIVE OF THE ESTATE OF THOMAS ROGERS AND A/N/F OF J.R.R., A MINOR.**